SINCLAIR (MIDDLETON v.). See Case No. 9,534.

---

## Case No. 12,896.

### SINCLAIR v. PHOENIX MUT. LIFE INS. CO.

[9 Ins Law J. 523.] [1]

Circuit Court, D. Minnesota. May 2, 1879.

INSURANCE—ANSWERS TO QUESTIONS IN APPLICATION—BURDEN OF PROOF—MISREPRESENTATION.

1. The application contained the following question: "Have the parents or brothers or sisters of the party been affected with insanity, or with pulmonary, scrofulous, or any other constitutional disease, hereditary in its character?" The answer was, "No." Applicant also answered he did not know cause of death of certain members of the family. The application stipulated that the answers were fair and true, and that it should be the basis of the contract, and any untrue or fraudulent answers should render the policy void, and the policy contained a like stipulation. *Held,* that the answers were declarations and representations, and the burden of proof was on the company to show them untrue.

2. The cause of death must have been hereditary to render the answer "No" untrue.

3. The fact that insured was 14 years of age, and was at home at the time of death of certain members, does not prove that he knew the cause.

At law.

O. R. Cowfert and Smith & Hale, for plaintiff.

Allis & Allis, for defendant.

NELSON, District Judge. This suit is brought to recover on a policy of insurance on the life of the plaintiff's intestate. A jury is waived by a stipulation on file. The policy contains this provision: "* * * If any of the declarations or statements made in the application for this policy, upon the faith of which this policy is issued, shall be found in any respect untrue, * * * this policy shall be null and void." In the application signed by the deceased, containing questions to be answered, is this stipulation: "It is hereby declared that the above are fair and true answers to the foregoing questions, and it is acknowledged and agreed by

1 [Reprinted by permission.]

the undersigned that this application shall form the basis of the contract for insurance, * * * and that any untrue or fraudulent answers, any suppression of facts, * * * shall render this policy null and void," etc. The following question (No. 22): "Have the parents or brothers or sisters of the party been affected with insanity, or with pulmonary, scrofulous, or any other constitutional disease, hereditary in its character?" was answered, "No." The following questions and answers also appear in the application· Q. "Are the parents of the party dead?" · A. "Father, yes." Q. "Cause of death?" A. "Do not know." Q. "How many sisters?" A. "Two." Q. "Of what disease did they die?" A. "Do not know." The family and attending physician testified that both the father and sister died "from lung disease,—inflammation and ulceration of the lungs, ending in consumption,"—and that he did not know "whether the disease was of a hereditary character or not." "From appearances," he says, "I should think not." It is in evidence that the deceased was at home when his father and sister died, and from the more reliable testimony it appears that he was 14 years old at the date of his father's death, and that his sister's occurred a year or two later.

It is urged as a defense that the answers to all the above specified questions are untrue, and were known to be so when the application was signed. These answers are declarations and representations, and the burden of proof is on the defendant to establish this defense. The testimony fails to satisfy me that the answers are untrue in fact. The defendant insists that question No. 22 is not confined to hereditary diseases. Such, in my opinion, is not its true construction. The last clause qualifies and controls the rest. The undoubted object of that question was to procure information as to whether insanity, scrofulous and pulmonary diseases, had developed in an hereditary form among the relatives of the applicant. Gridley v. Northwestern Mut. Life Ins. Co. [Case No. 5,808]. This question, then, having reference to hereditary diseases, it must be proved not only that the father and sister of the deceased died of one of the specified diseases, but that it was hereditary. The evidence of the attending and other physicians shows that the disease which caused the death of the father and sister, though generally, is not in all cases, hereditary. To prove that the assured knew of the cause of the death of his father and sister, the defendant relies upon his presence at home when they died, and that other members of the family knew it. This is strong moral evidence, undoubtedly, but it is mere conjecture, and cannot overcome the statement that he did not know in the application.

The material allegations of the complaint being admitted or proved, and the defend-

ant failing to sustain its defense, judgment is ordered for the plaintiff for the amount claimed, with costs.